UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

### Case Number:  14-21467-CIV-MORENO

ANTHONY MARTINEZ,

      Plaintiff,

vs.

BANK OF AMERICA CORPORATION as
Successor in Interest to First Franklin, a Division
of Nat. City Bank of IN also known as First
Franklin Financial Corporation, its Successors and
Assigns; HOME LOAN SERVICES, INC. Doing
business as First Franklin Loan Services formerly
known as National City Home Loan Services, Inc;
and DOES 1-10,

      Defendants.

### <u>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS</u>

THIS CAUSE came before the Court upon the Defendant's Motion to Dismiss **(D.E. 8)**, filed

on **May 12, 2014**. THE COURT has considered the motion and the pertinent portions of the record,

and being otherwise fully advised in the premises, it is **ADJUDGED** that the motion is GRANTED

The Court determines that several Counts of Plaintiff's Complaint are procedurally defunct due to

the statute of limitations for tort-based claims; the remaining Counts fail in that Plaintiff does not

allege facts or legal theories establishing that he is entitled to the requested relief against Defendants.

I.      Factual Background:

This matter arises from a purchase money mortgage loan acquired in 2006 for $493,600.00.

Plaintiff Anthony Martinez ("Plaintiff") premises his Complaint on the allegation that the original

lender, First Franklin ("Original Lender"), failed to fund the mortgage loan and actively concealed

the identity of the true funding entity. Plaintiff does not deny receiving the $493,600.00 loan. Rather, Plaintiff implicitly admits receiving the loan proceeds as Plaintiff alleges making monthly payments for approximately four years on the loan. Public records of Miami-Dade County, Florida, demonstrate that Plaintiff defaulted on the loan on February 1, 2009, and that a final judgment of foreclosure was subsequently entered against Plaintiff on March 10, 2014. Plaintiff's Complaint consists of allegations that should have been asserted in the foreclosure action and otherwise fails to state a claim upon which relief can be granted.

On June 19, 2006, Plaintiff purchased the property at 16492 SW 64th Terrace, Miami, Florida (the "Property") via a warranty deed recorded on July 10, 2006 in the official Public Records of Miami-Dade County, Florida. Plaintiff financed the purchase of the Property by obtaining a $493,600.00 purchase money mortgage loan from Original Lender. (*See* Mortgage recorded on July 10, 2006 in Official Records Book 24703 at Page 1776 of the Public Records of Miami-Dade County). The loan is evidenced by a $493,600.00 adjustable rate note. The note and mortgage were subsequently transferred to Deutsche Bank National Trust Company ("DBNTC"). A portion of the proceeds from the loan was used to satisfy two existing mortgage liens on the Property. (*See* Satisfaction of Mortgage recorded on July 25, 2006 in Official Records Book 24753 at Page 2091; Release of Mortgage, recorded on August 2, 2006, in Official Records Book 24780 at Page 2309, both found in the Public Records of Miami-Dade County, Florida). On or about June 16, 2009, DBNTC commenced an action to foreclose on the Mortgage in the Circuit Court of the Eleventh Judicial Circuit in Miami-Dade County, Florida, Case No. 2009-045834-CA-01 (the "State Foreclosure Action") (*see* Notice of Lis Pendens recorded on June 18, 2009 in Official Records Book 26907 at Page 4558).

On March 10, 2014, the State Court awarded DBNTC a Final Judgment of Foreclosure on the Mortgage for $ 681,943.45. On March 1, 2014, Plaintiff filed the instant Complaint, asserting seven causes of action against Defendants: (1) mortgage fraud in violation of FLA. STAT. §§ 817.54 and 817.545; (2) fraudulent inducement; (3) violation of the Florida Deceptive and Unfair Trade Practices Act, FLA. STAT. § 501.201 *et seq.* ("FDUPTA"); (4) fraud; (5) breach of contract; (6) unjust enrichment; and (7) negligent misrepresentation. Defendants subsequently filed a motion to dismiss this action for failure to state a cause of action.

II.     Legal Standard:

Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claims showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." FED. R. CIV. P. 8(a)(2) (2012); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a complaint to be dismissed for failure to state a claim upon which relief can be granted.

To survive a motion to dismiss, the court must determine whether the complaint contains sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). Ultimately, in ruling on a Rule 12(b)(6) motion to dismiss, a court considers the range of possible interpretations of the defendant's alleged conduct, and if the more likely explanations involve lawful, non-

-3-

actionable behavior, the court should find that the plaintiff's claim is not plausible.

Regardless of the legal sufficiency of the facts alleged, a court may dismiss a complaint on a dispositive issue of law. *Marshall Co. Bd. of Educ. v. Marshall Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993); *Olmstead v. Defossett*, 205 F. Supp. 2d 1316, 1319 (M.D. Fla. 2002) ("When, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate."). As such, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

III.     Legal Analysis:

    A.      The Statute of Limitations Bars All but Count V of Plaintiff's Complaint

As an initial matter, the statute of limitations bars all but one of the Counts of Plaintiff's Complaint because Plaintiff premises each cause of action on alleged wrongful conduct arising from the origination of the Note and Mortgage, which were executed eight years ago on June 29, 2006. With the exception of Plaintiff's breach of contract claim, which is subject to a five year statute of limitations, each of Plaintiff's causes of action is time-barred as subject to a four year statute of limitations. *See* FLA. STAT. § 95.11(3) (four year statute of limitations for actions founded on fraud, negligence, statutory liability, and legal or equitable action on a contract); FLA. STAT. § 95.11(2)(b) (five year statute of limitations for breach of written contract actions). Specifically, Plaintiff was required to plead his tort-based claims by June 29, 2010, and his breach of contract claim by June 29, 2011; he did not, however commence this lawsuit until March 1, 2014. In defense of his timing, Plaintiff alleges that he "could not and did not discover Defendants' actions until after June 16, 2009." Even taking Plaintiff's allegations as true, Plaintiff was required to plead his tort-based

-4-

claims by no later than June 16, 2013, a date that still falls before the commencement of this action in March of 2014. As Benjamin Martin bemoans in "the Patriot", Plaintiff here seeks to engage a "battle over before it began." (Columbia Pictures, 2000). Not even the doctrine of equitable tolling can save Plaintiff's claims that are subject to the four year statute of limitations. Plaintiff's tort-based claims are barred by the statute of limitations and due to be dismissed with prejudice.

B.      Plaintiff's Claims for Relief are Compulsory Counterclaims That Should Have Been Asserted in the State Foreclosure Action.

Looking to the substance of this action, Plaintiff is prohibited from maintaining an independent action challenging origination of his loan or the validity of his Note and Mortgage because those claims are compulsory counterclaims that were required to be asserted in the State Foreclosure Action. *Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378, 1380-82 (11th Cir. 1991) ("failure to bring a compulsory counterclaim in a state court proceeding bars a subsequent suit in federal court on that claim"). State law governs whether the failure to bring a compulsory counterclaim in a state court action prohibits a subsequent federal diversity action on that claim. *Montgomery*, 932 F.2d at 1380. In pertinent part, Rule 1.170 of the Florida Rules of Civil Procedure provides:

> (a) Compulsory Counterclaims. A pleading shall state as a
> counterclaim any claim which at the time of serving the pleading
> the pleader has against any opposing party, provided it arises out of
> the transaction or occurrence that is the subject matter of the
> opposing party's claim and does not require for its adjudication the
> presence of third parties over whom the court cannot acquire

jurisdiction.

(h) Additional Parties May Be Brought In. When the presence

of parties other than those to the original action is required to grant

complete relief in the determination of a counterclaim or

crossclaim, they shall be named in the counterclaim or

crossclaim and be served with process and shall be parties to the

action thereafter if jurisdiction of them can be obtained and their

joinder will not deprive the court of jurisdiction of the action.

FLA. R. CIV. P. 1.170. Put another way, a compulsory counterclaim is a defendant's cause of action

"arising out of the transaction or occurrence that formed the subject matter of the plaintiff's claim."

*Yost v. American Nat'l Bank*, 570 So. 2d 350, 352 (Fla. 1st DCA 1990). Florida employs a four-part

"transaction or occurrence" test to determine whether a claim is compulsory; the test examines

whether there is a logical relation between the claim and the counterclaim, whether the issues of fact

and law raised by the claim and counterclaim are largely the same, whether *res judicata* bars the

subsequent suit, and whether substantially the same evidence supports or refutes the plaintiff's claim

and defendant's counterclaim. *See Mascotte v. Florida Mun. Liab. Self Insurers Program*, 444 So.

2d 965, 966 (Fla. 5th DCA 1983). An affirmative answer to any of the foregoing questions renders

the claim a compulsory counterclaim. *Id.*

Every compulsory counterclaim must pass the "logical relation" test, which measures

whether "the same aggregate of operative facts serves as the basis of both claims." *Neil v. South

Florida Auto Painters, Inc.*, 397 So. 2d 1160, 1164 (Fla. 3d 1981). As a matter of law, the

relationship between the claims in Plaintiff's Complaint and the State Foreclosure Action satisfies

this test because Plaintiff's claims arise out of the same "aggregate of operative facts" at issue in the

State Foreclosure Action. *See id.* In the State Foreclosure Action, the State Court awarded a final judgment of foreclosure, found $681,943.45 due and owing under the Note, and enforced the Mortgage by ordering a foreclosure sale of the Property. In the instant action, Plaintiff asserts that the subject loan was not funded, Defendants breached the terms of the Note and Mortgage, and that Plaintiff was misled into making payments on the Note to the wrong entity. His allegations are intertwined with the validity of the Note and Mortgage, which has already been adjudicated. A prosecution in this action could undermine the State Court's Final Judgment of Foreclosure, which already found Plaintiff in breach of his obligations under the Note and Mortgage. Accordingly, pursuant to Florida's compulsory counterclaim rule, Plaintiff needed to plead his claims in the State Foreclosure Action and join Defendants as necessary parties. *See* FLA. R. CIV. P. 1.170(h); *see also Montgomery*, 932 F.2d at 1381 ("The purpose of the compulsory counterclaim rule is to eliminate multiplicity of litigation.").

Counts of Plaintiff's Complaint are further barred by the doctrine of *res judicata*, which prohibits litigation of issues already decided or issues that could have been decided by a final judgment in prior litigation. *Bedford v. State*, 970 So. 2d 935, 938 (Fla. 4th DCA 2008). The doctrine applies both to issues actually litigated *and* to "every other matter which the parties might have litigated and had determined, within the issues as [framed] by the pleadings or as incident to or essentially connected with the subject matter of the first litigation." *AMEC Civil, LLC v. State, Dept. of Transp.*, 41 So. 3d 235, 238 (Fla. 1st DCA 2010). The underlying judgment must be final. *Gordon*, 59 So. 2d at 43. In Florida, a judgment is final for preclusion purposes even if it is on appeal. *See, e.g., M.C.G. v. Hillsborough Cnty. School Bd.*, 726 So. 2d 376, 377 (Fla. 3d DCA 1999). For *res judicata* to apply, there must be: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality of the

persons for or against whom the claim is made. *Dadeland Depot, Inc. v. St. Paul Fire and Marine Ins. Co.*, 945 So. 2d 1216, 1235 (Fla. 2006).

Here, the first two elements of the *res judicata* analysis are satisfied because both this action and the State Foreclosure Action concern the same nucleus of operative facts—the validity and enforceability of the Note and Mortgage. *See Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1503 (11th Cir. 1990) ("[I]t is not the theories or labels of the claims that counts, but whether "a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, [then] the two cases are really the same 'claim' or 'cause of action' for purposes of *res judicata*."). Moreover, in the State Foreclosure Action, Plaintiff filed affirmative defenses asserting that the underlying debt had been either eliminated or paid off. The last two elements of the *res judicata* analysis are satisfied because both lawsuits are premised on the parties' relationship as mortgagor and mortgagee. The Final Judgment of Foreclosure in the State Foreclosure Action extends to Defendants for purposes of *res judicata* because Defendants and Deutsche Bank National Trust Company shared similar interests in the foreclosure action as successive holders of the Note. *See Progressive Am. Ins. Co. v. McKinnie*, 513 So. 2d 748, 749 (Fla. 4th DCA 1987) ("A privy is one who is identified with the litigant in interest."). Accordingly, Plaintiff's Complaint is barred by the doctrine of *res judicata*.

C.    Plaintiff's Complaint Fails To Allege Facts Sufficient To State A Claim Upon Which Relief Can Be Granted.

Notwithstanding the foregoing, Plaintiff's Complaint is due to be dismissed for failure to allege facts sufficient to state a cause of claim upon which relief can be granted. Plaintiff's Complaint sets forth nothing more than "unadorned, the-defendant-unlawfully-harmed-me

-8-

accusation[s]," which are insufficient to state a cognizable cause of action. *Iqbal*, 556 U.S. at 678.

        1.     Plaintiff's fraud-based claims fail for lack of particularity.

Plaintiff fails to plead his fraud-based claims (Counts I-IV and VII) with sufficient particularity under Rule 9(b) of the Federal Rules of Civil Procedure, which requires particularity in pleading circumstances constituting fraud. FED. R. CIV. P. 9(b). This includes "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making them, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quotation omitted). The purpose of the particularity rule is to alert defendants to their precise misconduct and protect them against baseless charges of fraudulent behavior. *See Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988).

Plaintiff's Complaint fails to plead fraud with the requisite specificity. *See Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997) ("[I]n a case involving multiple defendants ... the complaint should inform each defendant of the nature of his alleged participation in the fraud.") (internal quotations omitted). Plaintiff's Complaint lacks specific allegations as to any of the individual defendants. *See Bruhl v. Price Waterhousecoopers Int'l*, No. 03-23044-CIV, 2007 WL 997362, at *3 (S.D. Fla. Mar. 27, 2007) ("Rule 9(b) does not allow a complaint to merely 'lump' multiple defendants together ....") (citation omitted). Moreover, Plaintiff fails to sufficiently allege any false statements, misrepresentations, or deceptive acts which, if true, constitute fraudulent behavior. The fraud-based Counts I-IV and VII of Plaintiff's Complaint fail to comply with Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure, and, therefore, must be dismissed for failure to state a cause of action.

2.      Plaintiff cannot demonstrate any damages or wrongful conduct.

Finally, Plaintiff's Complaint is due to be dismissed because Plaintiff cannot demonstrate any damages or wrongful conduct by the Defendants. Plaintiff generally asserts that Defendants concealed the true creditor under the Note as well as the entity collecting payments under the Note. Ownership of the Note, however, is separate from servicing of the Note and collection of amounts owed. The Mortgage states:

> "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer" that collects Periodic Payments due owner the Note and this Security Instrument .... There also might be on or more changes of the Loan Servicer unrelated to a sale of the Note."

The Note provides that "[Plaintiff] understand[s] that the Lender may transfer this Note." Further, Plaintiff agreed to make monthly payments at a specific address or "at a difference place as required by the Note Holder," with "Note Holder" defined as "anyone who takes this Note by transfer and who is entitled to receive payments under this Note."

The undisputed facts before the Court demonstrate that Plaintiff acknowledged and agreed to potential sales and transfers of the Note, and acknowledged and agreed to make mortgage payments to the Note Holder, defined as anyone who takes the Note by transfer, or to a different place required by the Note Holder. Moreover, the record demonstrates that Plaintiff received the full benefit of the loan, which allowed him to purchase the Property free of liens. Plaintiff breached his obligations under the Note and Mortgage by failing to make his monthly mortgage payments,

-10-

ultimately resulting in a Final Judgment of Foreclosure against him. Plaintiff cannot ultimately demonstrate any misrepresentation or wrongdoing by the Defendants, and, therefore, Plaintiff's Complaint is due to be dismissed.


IV.    Conclusion

Plaintiff's Complaint fails to allege any facts or legal theories establishing that he is entitled to the requested relief against Defendants. He did not take advantage of the opportunity to timely respond to Defendants' Motion to Dismiss with a Response in defense of his Complaint. Because Plaintiff has offered no argument or evidence that could prove any set of facts supporting Plaintiff's claims, this Court GRANTS Defendants' Motion to Dismiss.


DONE AND ORDERED in Chambers at Miami, Florida, this day of June, 2014.


_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE


Copies provided to:

Counsel of Record